# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID R. SPENCER, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 10-1871 (RMC) |
| UNITED STATES, | ) ) | |
| Respondent. | ) ) ) | |

## MEMORANDUM OPINION

In this *pro se* action for a writ of *habeas corpus,* petitioner David Spencer challenges his conviction and sentencing in Superior Court of the District of Columbia. A jury convicted Mr. Spencer of first degree murder and related offenses. Mr. Spencer claims, among other wrongs, that he was subjected to prosecutorial misconduct and that he was denied the effective assistance of counsel at trial, on appeal, and throughout collateral attack proceedings. The Petition will be dismissed because (1) Mr. Spencer has failed to show that the local remedy under D.C. law is inadequate or ineffective and thus the Court lacks jurisdiction; and (2) the Court lacks jurisdiction over the claim of ineffective assistance of appellate counsel because Mr. Spencer failed to move to recall the mandate.

## I. FACTS

Mr. Spencer was charged in an indictment on October 2, 1991, and a jury convicted him of eight counts including first degree murder, assault with a deadly weapon, and kidnaping while armed. He was sentenced on September 2, 1992. Since sentencing, Mr. Spencer has appealed and collaterally attacked his conviction and sentence in numerous ways.

First, he filed an appeal. While that appeal was pending, he filed a motion under D.C. Code § 23-110, seeking a new trial based on alleged ineffective assistance of trial counsel. The D.C. Superior Court held a full evidentiary hearing and denied the motion for new trial on April 5, 1994. Mr. Spencer appealed that ruling. The two appeals were consolidated, and on April 23, 1998, the D.C. Court of Appeals affirmed both. Mr. Spencer moved for rehearing and/or rehearing en banc and that motion was denied. The Court of Appeals issued its mandate in the consolidated appeals on August 3, 1998. On October 21, 1998, Mr. Spencer's petition for writ of certiorari was denied.

On May 14, 1998, Mr. Spencer filed a document in the D.C. Court of Appeals titled "Motion to Recall the Mandate," but the motion did not seek to recall the mandate. Response and Mot. to Dismiss ("Resp.'s Mot.") [Dkt. # 5], Ex. 4 (Mot. to Recall Mandate). Instead, the motion only asked that counsel be appointed for the purpose of pursuing a claim for ineffective assistance of appellate counsel. *Id*. The D.C. Court of Appeals interpreted the motion to be a "motion to appoint counsel to pursue a motion to recall the mandate," and denied the motion. Resp.'s Mot., Ex. 5 (Order dated May 19, 1998).

On November 1, 2000, Mr. Spencer filed a second motion under D.C. Code § 23-110, this time alleging that the Superior Court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it failed to instruct the jury that it must find the armed element of each offense beyond a reasonable doubt. The Court of Appeals held that *Apprendi* was not retroactive and denied the motion on March 13, 2003.[1]

On November 15, 2004, Mr. Spencer filed a third motion under D.C. Code § 23-110.

---

[1] On May 24, 2004, Mr. Spencer also filed a petition for *writ of error coram nobis*. The Superior Court denied the motion, Mr. Spencer appealed, and the D.C. Court of Appeals affirmed. *See* Resp.'s Mot., Ex. 6 (Order dated May 31, 2005).

In this last motion, he alleged that counsel on his prior § 23-110 claim was ineffective. On August 9, 2005, the Superior Court addressed the claim in a fifteen page opinion and denied the motion. *See* Resp.'s Mot., Ex. 8 (Mem. Op. dated Aug. 9, 2005).[2] Mr. Spencer appealed and the Court of Appeals affirmed. *See* Resp.'s Mot., Ex. 9 (Order dated July 19, 2006). The mandate issued on August 10, 2006. Mr. Spencer now challenges his conviction and sentence by filing this Petition for writ of federal habeas corpus.

## II. ANALYSIS

### A. Timliness

28 U.S.C. § 2254 is the federal law governing petitions for writs of habeas corpus filed in federal courts by State prisoners. Section 2254(a) provides that a federal district court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition under 28 U.S.C. § 2254 must be filed within a one-year limitations period, which is calculated as follows:

> The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The Superior Court noted that the "government presented overwhelming evidence of defendant's guilt, including the testimony of Vonzella Waters, Joanne McDow, Fannie Byrd, Willa Mae Byrd, Marco Johnson, and Joseph Davenport, many of whom knew the defendant." Resp.'s Mot., Ex. 8 (Mem. Op. dated Aug. 9, 2005) at 14.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2244(d)(1). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2).

Respondent argues that the Petition is untimely under 28 U.S.C. 2244(d) because Mr. Spencer's convictions became final on October 23, 1998 — the date on which his petition for a writ of certiorari in the Supreme Court of the United States was denied — and he filed this Petition for Writ of Habeas Corpus more than one year later. The first question, however, is whether persons serving sentences imposed by the Superior Court of the District of Columbia are *State* prisoners for purposes of 28 U.S.C. § 2254 and 2244(d). The federal district courts in this district have reached conflicting conclusions. *Compare Williams v. Apker*, 774 F. Supp. 2d 124, 126 n.1 (D.D.C. 2011) ("Because . . . the petitioner is in custody pursuant to a judgment of the D.C. Superior Court, which is considered a state court, the court construes the petition as made under 28 U.S.C. § 2254 . . . ."); *Davis v. Cross*, 744 F. Supp. 2d 62, 64 (D.D.C. 2011) (same); *with Wright v. Stansberry*, 677 F. Supp. 2d 286, 287 n.2 (D.D.C. 2010) ("The provisions of 28 U.S.C. § 2244(d)(1) and § 2254 do not apply to persons convicted and sentenced in the Superior Court for the District of Columbia.").

While the D.C. Circuit has held that a person in custody pursuant to a judgment and conviction of the Superior Court of the District of Columbia is considered a state prisoner for the

purpose of a certificate of appealability under 28 U.S.C. § 2253(c), *see Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1308–10 (D.C. Cir. 2002), the Circuit has not addressed the question of whether a person in custody pursuant to a D.C. Superior Court judgment is governed by 2254 or the one-year statute of limitations under 2244(d). Because there is no controlling authority for the proposition that a person challenging a Superior Court conviction or sentence is subject to the one-year limitations period set forth in 28 U.S.C. § 2244(d), this Court presumes, without deciding, that the Petition was timely filed.

### B. D.C. Code Section 23-110 Is An Adequate Local Remedy

A prisoner under a sentence imposed by D.C. Superior Court may collaterally challenge the constitutionality of his conviction by moving in that court to vacate his sentence. *Garris v. Lindsay*, 794 F.2d 722, 725 (D.C. Cir. 1986). Challenges to a D.C. Superior Court judgment of conviction must be pursued under D.C. Code § 23-110. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998). Section 23-110 provides that a prisoner convicted and sentenced in Superior Court may move to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack." D.C. Code § 23-110(a).

Although habeas relief in federal court is available to a District of Columbia Code offender who is in custody in violation of the U.S. Constitution, *see* 28 U.S.C. § 2241(c)(3), "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention." *Byrd v. Henderson*, 119 F.3d 34,

36–37 (D.C. Cir. 1997); *see* D.C. Code § 23-110(g) (a habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion[3] is inadequate or ineffective to test the legality of his detention."). The federal district court lacks jurisdiction to entertain a habeas petition attacking the constitutionality of a Superior Court sentence, even after a motion under § 23-110 has been pursued unsuccessfully, so long as the local remedy is not inadequate or ineffective. *Garris*, 794 F.2d at 726 (citing *Swain v. Pressley*, 430 U.S. 72 (1977)).

It is well-established that the mere denial of relief by the local courts does not render the local remedy inadequate or ineffective. *Joyner v. O'Brien*, Civ. No. 09-0913, 2010 WL 199781, at *2 (D.D.C. Jan. 15, 2010); *see also Morton v. United States*, Civ. No. 07-5253, 2008 WL 4726051, at *1 (D.C. Cir. June 12, 2008) ("[t]he § 23-110 remedy . . . is not considered inadequate or ineffective simply because the requested relief has been denied").

Further, the local remedy is not inadequate or ineffective just because a prisoner is barred from relitigating an issue that has already been raised and decided. In *Garris v. Lindsay*, 794 F.2d 722, a petitioner acknowledged that he was foreclosed from relitigating a Sixth Amendment issue that had already been raised and denied on direct appeal. He argued, however, that the inability to raise the issue a second time made the remedy under § 23-110 inadequate. The Circuit rejected this claim, noting "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." *Id.* Absent a showing that § 23-110 was inadequate or ineffective, "a District

---

[3] The phrase "remedy by motion" refers to motions filed under § 23-110(a). *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 2073 (2010).

of Columbia prisoner has no recourse to a federal judicial forum." 794 F.2d at 726.

Mr. Spencer already has contested his conviction and sentence in Superior Court by filing successive motions under D.C. Code § 23-110 and by appeals to the D.C. Court of Appeals. His allegations of error by the Superior Court properly were raised in and decided by the Court of Appeals, and this Court is without jurisdiction to review or overturn these rulings. Because the Petition reveals no basis for finding the local remedy under § 23-110 to be inadequate or ineffective, this Court lacks authority to entertain the habeas Petition. In short, Mr. Spencer cannot avail himself of this federal forum merely because his prior attempts to challenge his conviction and sentence in the District of Columbia courts have not been successful.

### C. Failure to File Motion to Recall Mandate

A claim for ineffective assistance of appellate counsel cannot be heard by the Superior Court on a motion under § 23-110. *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987). The proper procedure for such a claim requires first that a petitioner file a motion to recall the mandate in the D.C. Court of Appeals. *Id*. That is, a D.C. offender can bring a claim of ineffective assistance of appellate counsel in federal district court *only after* he has moved to recall the mandate in the D.C. Court of Appeals. *Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 2073 (2010). A petitioner who fails to move to recall the mandate has not exhausted local remedies. *Johnson v. Stansberry*, No. 10-0178, 2010 WL 358521, at *2 (D.D.C. Jan. 29, 2010).

Mr. Spencer did not move to recall the mandate in his case before the D.C. Court of Appeals. While he did file a pleading entitled "Motion to Recall the Mandate," the motion did not actually seek to recall the mandate. It only sought the appointment of counsel, and that is how the D.C. Court of Appeals expressly understood it. Because Mr. Spencer failed to move to recall the

mandate, he has not exhausted his local remedies and this Court lacks jurisdiction over his claim for ineffective assistance of appellate counsel.

### III. CONCLUSION

For the reasons stated above, the Petition for a Writ of Habeas Corpus [Dkt. # 1] will be denied, Respondent's Motion to Dismiss [Dkt. # 10] will be granted, and this case will be dismissed. A memorializing Order accompanies this Memorandum Opinion.

Date: August 30, 2011                     /s/
                                ROSEMARY M. COLLYER
                                United States District Judge